UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 22-CR-254 (RC) |
| | : | |
| TYLER EARL ETHRIDGE, | : | |
| | : | |
| Defendant. | : | |

## OPPOSITION TO MOTION TO STAY

The defendant has moved to stay his sentencing until the Supreme Court rules on the applicability of 18 U.S.C. § 1512(c)(2) to certain Capitol breach cases.  ECF No. 37.  Such a delay is unnecessary, as the defendant has failed to show how he would be harmed by proceeding to sentencing as scheduled.  Moreover, such a delay would needlessly tax judicial resources, both in this case and in others.  For these reasons, the defendant's motion should be denied.

I.      **Background**

The defendant, Tyler Earl Ethridge, joined hundreds of others on January 6, 2021, to try to stop the certification of the presidential election.  Ethridge removed barriers that blocked rioters from reaching the Capitol and climbed captured media scaffolding to egg on his compatriots.  ECF No. 1 at 4-5.  He entered the Capitol, filmed his exploits, and refused to comply with the orders of police who tried to clear the building.  *Id.* at 6-9.  After the attack, he justified and defended his behavior on social media.  *Id.* at 12-14.  For his actions, he was charged with violating six statutes, among them 18 U.S.C. § 1512(c)(2) ("Section 1512"), which prohibits obstruction of an official proceeding.

Another Capitol Breach defendant, Joseph Fischer, has since challenged the application Section 1512 to certain cases arising from the attack on the Capitol.  Fischer's case is pending

before the Supreme Court.  *See United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572.  The defendant has moved to stay his sentencing until after the Court issues a decision, the date of which is unknown.  ECF No. 37.

## II.    Legal Framework

In weighing a motion to stay proceedings, a court considers four factors:

> (1) [W]hether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  The third and fourth factors "merge" when a party moves for a stay against the government.  *Id.* at 435.

Importantly, a stay "'is not a matter of right, even if irreparable injury might otherwise result.'"  *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).  Rather, the party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."  *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

## III.    Argument

The defendant's motion should be denied because the relevant factors weigh against his request.  The fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case

stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants.").  The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided.  *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question.").  Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted.  *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring).  Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt.  *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay.  Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024.  That would be nearly three-and-a-half years after the commission of the offenses on which the defendant was convicted, and more than nine months after the Court found the defendant guilty by way of a stipulated trial in August 2023.  Delaying the sentencing for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance.

A further lengthy delay of sentencing for the defendant would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

The defendant will not suffer any irreparable injury by proceeding with sentencing as scheduled next month.  Even were the Supreme Court to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a motion for bail pending appeal under 18 U.S.C. § 3143. Moreover, obstruction of Congress was not the defendant's only conviction.  The defendant will also be sentenced for civil disorder and four other offenses, which is outside the scope of the *Fischer* appeal.

Accordingly, the defendant has made no showing that he will be irreparably injured—or injured at all—by proceeding with sentencing.  *See* ECF No. 37.  The U.S. Sentencing Guidelines are advisory, not determinative, and so even if the Supreme Court reversed *Fischer* in a way that changed Ethridge's Guidelines calculations, a continuance would be unnecessary.  Ethridge's conduct is undisputed, and the Court has more than enough experience with sentencing January 6 defendants to evaluate this case in context and apply the factors laid out in 18 U.S.C. § 3553(a) accordingly. *See United States v. Gilbert Fonticoba*, 21-cr-638 (TJK) Sentencing Tr. at 48:6-22 (Jan. 11, 2024) ("Because if there was no offense that would capture for guideline purposes the – an attempt to obstruct the proceeding in there, whatever, even if it doesn't meet 1512, wouldn't I be quite entitled – it would be almost crazy if I didn't, in my view, vary up significantly because there would be no – it's still, I think we can agree, very bad – a very bad thing if someone tried to obstruct that proceeding.  That would be fair game for me to vary quite a bit upward and say we've got to capture that – we've got to capture for deterrence purposes, for all the other 3553(a) factors, we've got to capture that somehow.")

Moreover, even if the Supreme Court reversed *Fischer*, it would not necessarily lower the Guidelines calculations for Ethridge. In that scenario, Ethridge's Guidelines might not be driven by Count One, the violation of 18 U.S.C. § 231(a)(3). Rather, the government would likely argue that Ethridge's conviction under 18 U.S.C. § 1752(a)(1) (Count Three) cross-references to the obstruction guideline, U.S.S.G. § 2J1.2, because, by a preponderance, Ethridge acted with the intent to commit obstruction of an official proceeding. *See* U.S.S.G. § 2B2.3(c) (trespass guideline containing cross reference where "the offense was committed with the intent to commit a felony offense"). The Court could adopt that approach, which would leave Ethridge's Guidelines sentencing range unchanged, even if Count One was the only remaining felony.

Finally, other judges have rejected motions similar to Ethridge's. *See United States v. Carpenter*, No. 21-cr-305 (JEB), Sentencing Tr. at 25-28; *United States v. Fonticoba*, 21-cr-638 (TJK) Sentencing Tr. at 66:17-67:3. This Court should take the same approach here.

## IV.   Conclusion

The defendant has failed to articulate how he would be harmed by proceeding to sentencing as scheduled. Moreover, delaying every case involving Section 1512 would significantly hinder the government's ability to prosecute rioters for their actions on January 6, 2021, and slow the Court's ability to render judgment in these cases. The defendant's motion to stay should be denied.

Respectfully submitted,

DATED: December 18, 2024

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Michael M. Gordon
Michael M. Gordon
Assistant United States Attorney
Florida State Bar No. 1026025

400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6370
michael.gordon3@usdoj.gov

Brendan Ballou
Special Counsel
DC Bar No. 241592
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov