UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | Case No. 1:22-cr-254 (RC) |
| **TYLER ETHRIDGE,** | |
|     **Defendant.** | |

### GOVERNMENT'S MOTION TO CONTINUE SENTENCING

Sentencing is currently scheduled to occur on September 5, 2024. The government respectfully requests that the Court continue sentencing for three weeks, or to any date afterward that is convenient for the Court.

Ethridge's sentencing presents a novel set of circumstances and legal issues that the government would like to brief for the Court prior to sentencing. Indeed, Ethridge's sentencing will be just the second in which the defendant was convicted of violating 18 U.S.C. § 1512(c)(2) (obstruction of an official proceeding), only for that charge to be dismissed by the government prior to sentencing due to the Supreme Court's intervening decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024).[1] Here, while the parties briefed how the Guidelines would be impacted by eliminating the Section 1512(c)(2) conviction, *see* ECF Nos. 39-40, 46, both parties' sentencing memoranda assumed that the Section 1512(c)(2) conviction would remain in place, *see* ECF Nos. 35-36, 46. Neither party has provided the Court with its post-*Fischer* sentencing recommendation and argument.

---

[1] The first occurred on August 27, 2024. *See United States v. Sparks, et al.*, 1:21-cr-87 (TJK), Minute Order 8/27/2024. Similar issues are presented in a third case, *United States v. Robertson, et al.*, 1:21-cr-34 (CRC), which is also scheduled for sentencing on September 5, 2024, the same day as Ethridge, but *Robertson* will be a <u>re</u>sentencing, and thus *Robertson* is in a slightly different procedural posture.

The government respectfully requests three weeks to draft and file such a revised sentencing memorandum. The government believes that this additional briefing will aid the Court and the defendant, particularly since *Fischer* has altered the Guidelines, the universe of appropriate comparator cases, the government's sentencing recommendation, and the government's basis for that recommendation.

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              UNITED STATES ATTORNEY

BY:   */s/ Michael M. Gordon*
        MICHAEL M. GORDON
        Senior Trial Counsel, Capitol Siege Section
        Assistant United States Attorney
        Florida Bar. No. 1026025
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        michael.gordon3@usdoj.gov
        (813) 274-6000

        */s/ Brendan Ballou*
        BRENDAN BALLOU
        Special Counsel, Detailee
        D.C. Bar No. 241592
        601 D St., NW
        Washington, D.C. 20001
        brendan.ballou-kelley@usdoj.gov
        (202) 431-8493