UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 22-cr-00254-RC |
| ) | |
| TYLER EARL ETHRIDGE., ) | |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT TYLER ETHRIDGE'S RESPONSE TO COURT ORDER RE: GROUPING**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

Defendant Tyler Ethridge, in response to the Court's Order dated August 28, 2024, hereby responds with regard to the appropriate method for grouping Counts 1, 3, and 4 as part of the Guideline calculation for his sentencing.

Defendant Ethridge's view is that the Probation Officer has the correct grouping analysis.

U.S.S.G. Sec. 3D1.2 provides four bases upon which to group together in a single Group counts involving substantially the same harm – only the first three are applicable here:

a. When the counts involve the same victim and the same act/transaction.

b. When the counts involve the same victim and two or more acts/transactions connected by a common objective or part of a common scheme or plan.

c. When one count embodies conduct that is treated as a specific offense characteristic or other adjustment to another of the counts.

While the Court has asked for Defendant Ethridge's input with regard to grouping as related to the position taken by the Government in its supplemental filings ECF Nos. 40 and 45, Defendant Ethridge would note for the Court that in its original Sentencing Memorandum, ECF No. 34, the Government expressed no objection to the Original PSR which grouped Counts 1-4 into a single group under Sec. 3D1.2(c).

The Supplemental Calculation provided by the Probation Officer on February 14, 2024, carried forward this grouping analysis, again relying on subsection (c).

The Government's Response to the Probation Officer's Supplement took the position for the first time that Count 1 should be grouped separately from Counts 3 and 4.

It does so by relying on the fact that the victims of Count 1 are law enforcement officers, and the victim of Counts 3 and 4 is Congress.

But the four subsections under Sec. 3D1.2 are presented in the alternative – not the collective.  Application Note 1 states:

> Subsections (a)–(d) set forth circumstances in which counts are to be grouped together into a single Group.  ***Counts are to be grouped together into a single Group if any one or more of the subsections provide for such grouping***. (Emphasis added).

The Government presents the same grouping analysis in its May 18, 2024, filing to address the implications of *United States v. Brock* -- again not addressing the Probation Officer's use of subsection (c) as the basis for grouping all three counts together.

The applicable Guideline Section for all three Counts is Sec. 2A2.4.

Even if the Guideline Section for Count 3 is Sec. 2B2.3 – which Defendant Ethridge does not concede – application of the cross-reference would now relate to the felony violation of Sec. 231, and the Guideline Section would be Sec. 2A2.4

Because all three offenses are covered by the same Guideline Section, each embodies conduct that is a specific offense characteristic of the others. On that basis, the Counts are to be grouped.

Dated: September 4, 2024                Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com