UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 22-cr-00254-RC |
| ) | |
| TYLER EARL ETHRIDGE., ) | |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT TYLER ETHRIDGE'S SUPPLEMENT SENTENCING STATEMENT**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

1

NOW comes Defendant Tyler Ethridge by and through his undersigned counsel of record, William L. Shipley, and submits to this Court his Supplemental Sentencing Statement in advance of the Sentencing Hearing on September 25, 2024.

On September 8, 2024, this Court rendered a verdict of guilty after a Stipulated Bench Trial against Defendant Ethridge on all 6 Counts of the Indictment.

On January 14, 2024, the Government and Defendant Ethridge's prior counsel filed Sentencing Statements in aid of sentencing. *See* ECF No. 34, 36.

On January 17, 2024, prior counsel for Defendant Ethridge moved to stay the sentencing pending the outcome of *Fischer v. United States*. While this Court denied the Order, the sentencing for Defendant Ethridge had been postponed several times while *Fischer* was pending before the Supreme Court due to disagreements between the parties regarding the Guideline Calculations.

After the Supreme Court issued its ruling in *Fischer v. United States*, the Government moved to dismiss Count Two of the Indictment, which had been the basis for a conviction pursuant to 18 U.S.C. Sec. 1512(c)(2). *See* ECF No. 48. This Court granted the Government's motion and dismissed Count Two. *See* ECF No. 49.

Additional briefing was done on September 3, 2024, when Defendant Ethridge filed a response to this Court's August 28, 2024 order as it relates to the Probation Officer's grouping analysis. Defendant Ethridge's view is that the Probation Officer correctly grouped the Counts, although Defendant Ethridge

2

disagreed with most other aspects of the Guideline Calculation done by the Probation Officer.  *See* ECF No. 52.

Defendant's Post-*Fischer* Guideline Calculation

The Defendant agrees with the original PSR that the appropriate Sentencing Guideline for Count 1 is Sec. 2X5.1, and the most analogous guideline that would apply to the offense conduct is Sec. 2A2.4.

In the February 14, 2024, Supplement submitted by Probation at the Court's instruction, the PSR disregarded Count 2.  But in applying the Guidelines to Count 3, a Class A misdemeanor violation of 18 U.S.C. Sec. 1752(a)(1), the Probation Officer applied the "cross-reference" of Guideline Section 2B2.3(c) with regard to an "intent to commit a felony."  But the felony used by the PSR was a violation of Sec. 1512(c)(2) – which the Government has now dismissed in light of *Fischer v. United States*.

The only other felony at issue is the conviction under Court 1 for violation of 18 U.S.C. Sec. 231(a)(2), and the guideline calculation for Counts 1 and 3 will be the same since U.S.S.G. Sec. 2A2.4 applies to both.

T**he Base Offense Level is 10**.

There are no applicable Specific Offense Characteristics.

**The Adjusted Offense Level is 10**.

The defendant is entitled to a 2 level reduction for acceptance of responsibility pursuant to Sec. 3E1.1.  He admitted to the factual basis for all the counts of conviction in the Statement of Facts submitted as part of the stipulated bench trial.  He affirmed his conduct with his signature and stated that his admission was voluntary.  He did not put the Government to the

burden of presenting evidence to establish his guilt.  He is prepared to make a full allocution and accept responsibility for his actions at the time of sentencing.

As noted by the PSR, the references in the Statement of Facts to "violent conduct" is not personalized as to Mr. Ethridge.  The references to "violent conduct" are all in the context of the crowd in which he was but one of several dozen individuals who breached the barricades at the Peace Fountain just prior to 1:00 p.m.  The video evidence clearly shows that Mr. Ethridge was a significant distance from the law enforcement officers manning the barricade at the time Officer C.E. was injured.  Mr. Ethridge played no role in picking up and thrusting forward the bike-rack barrier that struck Officer C.E., knocking her over backwards and causing her to hit her head on the concrete steps behind her.

As recommended by the PSR, Mr. Ehtridge himself did not engage in violence nor threaten violence, and is entitled to a 2 level reduction as a "Zero Point Offender" under U.S.S.G. Sec. 4C1.1(a) and (b).

**The Total Offense level is 6**.

With a Criminal History Category of I, the recommended guideline range is **0-6 months**.

Because the Applicable Guideline Range is in Zone "A" of the Sentencing Table, the Court has the discretion to impose a sentence of probation under U.S.S.G. Sec. 5B1.1(a)(1).  Where the Guideline Range is in Zone A, there is no requirement for a condition of probation that includes any form of community confinement.

CONCLUSION

Based on the revised Guideline Calculation that has resulted following Fischer, Defendant Tyler Ethridge submits that a sentence of probation for a term of two (2) years is an appropriate sentence under all the factors that this Court must consider pursuant to 18 U.S.C. Sec. 3553(a).

Dated: September 19, 2024            Respectfully submitted,

_____
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com